## WILLIAMS et al. v. UNITED STATES.
### Civ. No. 902 Phx.

District Court, D. Arizona.
March 17, 1947.

Blaine B. Shimmel, of Phoenix, Ariz., for plaintiffs.

Charles B. McAlister, Asst. U. S. Atty., of Phoenix, Ariz., for defendant.

LING, District Judge.

This cause having come on for trial, and having been duly submitted, the Court makes the following:

### Findings of Facts

1. Plainitff J. D. Williams is the owner of a fleet of trucks; the other plaintiffs

(herein referred to as the contractors) are engaged as contractors in the construction of airports, roads and facilities; plaintiff Arizona Sand & Rock Company also is engaged in the manufacturing of sand and rock products, which it sells and delivers commercially.

2. To augment their construction equipment, the contractors rented from time to time, from plaintiff J. D. Williams, certain dump and tank trucks under verbal agreements to pay, as rent, certain rates, standard in the community, per hour, per yard or per ton, for use on a fully operated basis.

3. The contractors had the right to exercise, and did exercise, exclusive possession, direction and control of the trucks in their operations as above described. The vehicles were generally stored on the premises or job sites during the rental periods. The only control exercised by plaintiff Williams during the rental periods was for the purpose of repair or replacement of the trucks and their maintenance in operable condition.

4. When trucks were ordered from Williams by the contractors, operators were ordered from the Union Hall, and in all cases such operators were cleared to, and went immediately on the payroll of the contractors. Thereafter, their wages, income and Social Security taxes, Workman's Compensation premiums and other usual incidents of employment were paid and handled by the contractors in all respects the same as for their other employees.

5. During the rental periods plaintiff Williams had no truck drivers on his payroll.

6. Periodically, the contractors computed the rental due at the applicable rates, deducted amounts paid by them for fuel, payrolls and so forth, and paid J. D. Williams the balance. This is standared practice in the industry and had been for years prior to December 1942.

7. On account of the rental of trucks from December 1942 to September 1943, plaintiff Williams collected during 1943, from the contractors the amounts as follows:

| | |
|---|---|
| From Arizona Constructors | $ 682.87 |
| From Arizona Sand & Rock Co. | 2723.95 |
| From Arizona United | 430.95 |
| | |
| Total | $3837.77 |

and paid to defendant the aggregate of $3,837.77 in the belief that said amount was payable pursuant to Section 3475, I. R. C., 26 U.S.C.A. Int.Rev.Code, § 3475.

8. Said amount has not been refunded by defendant or by plaintiff Williams to the contractors nor has any credit for any part thereof been taken by any of the plaintiffs on any tax return subsequently filed.

9. Plaintiff Williams duly filed a claim, later amended, for refund of the $3,837.77, which claim was considered on its merits and rejected in full by the Commissioner of Internal Revenue. Whereupon, this suit was filed within four months after such rejection.

From which findings, the court adduces the following:

### Conclusions of Law

1. That at all times during the rental periods, the operators of the rented trucks were employees of contractor plaintiffs.

2. That the use of the rented trucks was incidental to construction operations of contractor plaintiffs and not transportation of property within the meaning of those words as used in Section 3475, I. R. C., 26 U.S. C.A. Int.Rev.Code, § 3475.

3. That to the extent said trucks were engaged in the transportation of property such transportation was performed by the contractor plaintiffs and not by plaintiff Williams.

4. That plaintiffs are entitled to judgment as prayed for in their complaint.